UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICARDO ROSARIO,

        Plaintiff,

v.

HEALTH CARE (MDOC) et al.,

        Defendants.
_____/

Case No. 1:17-cv-825

Honorable Robert J. Jonker

## **AMENDED OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants MDOC and MDOC Health Care on grounds of immunity. The Court will serve the complaint against Defendant Kent County.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia, Michigan. The circumstances that give rise to the complaint, however, began after his arrest on September 6, 2014, when he was detained in the Kent County Jail.

Plaintiff alleges that immediately prior to his arrest he was assaulted. As he tried to defend himself, he injured his right shoulder and upper back and broke his right hand. (Compl., ECF No. 1, PageID.4.) Plaintiff states "the Kent County Jail never gave me any medical treatment for my injuries." (*Id.*) Plaintiff claims that because of the lack of treatment his right hand did not heal correctly and his back and shoulder injuries are irreparable. (*Id.*, PageID.4-5.)

By December of 2014, following his guilty plea to a charge of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, Petitioner was in the custody of the Michigan Department of Corrections (MDOC). Plaintiff alleges that doctors at the MDOC's Duane Waters Hospital in Jackson, Michigan, told him that the only way to fix his hand would be to re-break it. Plaintiff notes that he agreed to that treatment, but that it never healed back correctly. (Compl., ECF No. 1, PageID.5.) Plaintiff notes that he also received injections in his shoulder for pain. (*Id.*) Nonetheless, he states that his hand, shoulder, and back always hurt. Plaintiff contends that the MDOC will not give him adequate medical treatment, but he does not indicate in what way his treatment falls short. It appears that Plaintiff characterizes the treatment as inadequate simply because it has not been successful.

Plaintiff states that the Kent County Jail and the MDOC were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. He

identifies the Defendants as "Health Care (MDOC)" (*Id.*, PageID.1), the "Kent County Correctional Facility" (*Id.*, PageID.2), "Any/All Unnamed Defendants" (*Id.*), and "Any/All Unknown Defendants" (*Id.*). Plaintiff does not ascribe any action or misconduct to unnamed or unknown defendants in the body of his complaint.

Plaintiff asks for an award of compensatory and punitive damages as well as an order compelling Defendants to provide him with adequate medical care.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.     MDOC or Health Care (MDOC)

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections or one of its divisions. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a

"person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections and/or the Health Care Department within the MDOC.

### IV. The Kent County Correctional Facility or Jail

Plaintiff sues the Kent County Correctional Facility or Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kent County. The Court directs the Clerk to substitute Kent County as a Defendant in the place of Kent County Correctional Facility or Jail.

Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county, regardless of the form of relief sought, is liable only when its official policy or custom causes the injury. *Id.*; *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 32-33 (2010) (citing *Monell*, 436 U.S. at 694). At this stage of the proceeding, the Court will liberally construe Plaintiff's allegations as sufficiently stating that the County's failure to treat his injuries was the result of an official policy or custom.

### V. Deliberate indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S.

5

102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).[1]

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be

---

[1] "The Due Process Clause of the Fourteenth Amendment provides the same guarantee to pretrial detainees." *Bays v. Montmorency Cnty.*, 874 F.3d 264, 268 (6th Cir. 2017) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)).

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cnty*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006);

7

*Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

A. MDOC personnel

Plaintiff does not identify any of the individuals who failed to provide him care at the MDOC. The MDOC personnel he specifically references in his complaint provided treatment: doctors rebroke and reset his hand and someone gave Plaintiff injections for shoulder pain. The fact that such treatments may not have succeeded in healing Plaintiff does not render them "'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605. To the extent Plaintiff intended to include the Duane Waters Hospital "doctors" as Defendants, his allegations are insufficient. The same is true with respect to the dispenser of pain injections.

That leaves only the following allegation: "I am always hurting (my hand & shoulder) (my upper back) etc. but the (MDOC) will not give the adequate medication, treatment, etc." (Compl., ECF No. 1, PageID.5.) If Plaintiff attributed the failure to give treatment to an individual, it might be possible to assess whether that person was aware of facts that would permit the inference that Plaintiff was subject to a substantial risk of serious harm absent medical care, and that such person actually drew the inference. Without somehow identifying the individual, either by name or by factual description of the person's role in demonstrating deliberate indifference to Plaintiff's serious medical needs, Plaintiff's allegations fall short with respect to the subjective component of his deliberate indifference claim.

B.      <u>Kent County Jail personnel</u>

Plaintiff's allegations with regard to his treatment at the Kent County Jail are even more meager. He alleges only: "The Kent County Jail never gave me any medical treatment for my injuries." (Comp., ECF No. 1, PageID.4.) Once again, without identifying the individual or individuals who denied Plaintiff care, either by name or role, it cannot be said that Plaintiff has adequately alleged the subjective component of a deliberate indifference claim with respect to individuals who denied Plaintiff treatment at the Kent County Jail.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against the MDOC and MDOC Health Care will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Kent County.

Moreover, the Court will permit Plaintiff twenty-eight days to file an amended complaint that identifies the MDOC or Kent County Jail personnel by name and/or role and describes the factual circumstances demonstrating that the person was aware of facts that would permit the inference that Plaintiff was subject to a substantial risk of serious harm absent medical care and that such person actually drew the inference yet denied the necessary medical care.

An Order consistent with this Opinion will be entered.


Dated:   March 14, 2018               /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     CHIEF UNITED STATES DISTRICT JUDGE