UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RICARDO ROSARIO, # 247823, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-cv-825 |
| v. ) | |
| ) | Honorable Robert J. Jonker |
| KENT COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Kent County Correctional Facility. The defendants are Kent County, Kent County Sheriff's Department, unknown reception deputy sheriff, unknown nurse, and unknown health care provider. (ECF No. 40, PageID.190). Plaintiff alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID.192).

The matter is before the Court on plaintiff's "MOTION FOR DEFAULT-SUMMARY JUDGMENT" (ECF No. 37), Kent County's Rule 12(b)(6) motion to dismiss (ECF No. 41), and plaintiff's motion to "continue" to include the Kent County Board of Supervisors as a defendant and to "include" the Kent County Sheriff's Department and the Grand Rapids Police Department as defendants. (ECF No. 42). For the reasons set forth herein, I recommend that the Court deny plaintiff's motion

for default-summary judgment and his motion to "continue" and "include" claims. I further recommend that the Court grant defendant Kent County's Rule 12(b)(6) motion to dismiss. I further recommend that the Court dismiss plaintiff's claims against all other named defendants pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted, and that the Court enter a judgment dismissing all plaintiff's claims.

## Procedural History

A brief overview of the procedural history of this case is necessary in order to place the claims being asserted by plaintiff and the motions before the Court in context. On September 11, 2017, plaintiff filed this lawsuit naming the Kent County Correctional Facility and others as defendants. (ECF No. 1).

On March 14, 2018, Chief Judge Jonker entered an Amended Opinion and Order Regarding Partial Service. (ECF No. 15, 16). He noted that the Kent County Correctional Facility "is a building, not an entity capable of being sued in its own right." (Op. at 5, ECF No. 15, PageID.62). Chief Judge Jonker assumed that plaintiff intended to sue Kent County and directed the Clerk to substitute Kent County as a defendant in the place of the Kent County Correctional Facility. (*Id.*; Order, 1, ECF No. 16, PageID.67). Chief Judge Jonker's order ended with the following paragraph:

> IT IS FURTHER ORDERED that Plaintiff may submit an amended complaint by filing his complaint on the requisite form within twenty-eight (28) days from the date of entry of this order, for the purpose of addressing the deficiencies in Plaintiff's initial complaint with respect to his allegations against the individuals who were deliberately indifferent to his serious medical needs. The amended complaint will take the place of the original complaint, so it must include Defendant Kent County as well as all of the individual Defendants that Plaintiff

intends to sue and all of the claims that Plaintiff intends to raise. The case number shown above must appear on the front page of the amended complaint.

(Order, 2, PageID.68).

On April 16, 2018, plaintiff filed his amended complaint. (ECF No. 19). But plaintiff did not comply with Chief Judge Jonker's order directing him to name Kent County as a defendant. Instead, he named the "Kent County Board of Supervisors."

On January 9, 2019, the Court granted defendant Kent County's Rule12(e) motion for a more definite statement. (1/9/19 Mem. Op. & Order, ECF No. 38). Plaintiff's amended complaint failed to specifically mention or refer to Kent County, and it was so vague or ambiguous that neither Kent County nor the Kent County Board of Commissioners could reasonably prepare a response. (*Id.* at 3, PageID.181). In addition, "the caption of the amended complaint provide[d] an ambiguous reference to 'KENT COUNTY BOARD OF SUPERVISORS, MEMBERS, ET SEQ.' rather than naming all the parties[.]" (*Id.* at 3, PageID.181) (citing FED. R. CIV. P. 10(a)). Plaintiff ignored Rule 10(b)'s requirement that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." (*Id.*) (citing FED. R. CIV. P. 10(b)).

The Court expressly advised plaintiff that mere allusions to county policies and customs were not sufficient to establish liability against a municipal defendant. Plaintiff must "allege facts identifying the policies or customs, connect them to the municipal defendant, and describe how he suffered injury caused by those policies or customs." (*Id.* at 4, PageID.182) (citing *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010)).

-3-

-

The Court ordered plaintiff to file a second amended complaint. (*Id.* at 5, PageID.183). On January 22, 2019, plaintiff filed his second amended complaint (ECF No. 40), and it is now his operative pleading.

## Factual Allegations

Plaintiff is held in the custody of the Michigan Department of Corrections (MDOC). He was arrested on an unspecified date by an unidentified Grand Rapids Police Department officer. Plaintiff sustained hand and shoulder injuries. When plaintiff asked the arresting officer for medical assistance, the response that he received was, "You have nothing coming."

Plaintiff was transported to the Kent County Correctional Facility or Jail where he asked a nurse for treatment. The nurse stated: "You should be seen by a doctor within 48 hours." During the three months that plaintiff was held in the jail, he asked jail staff for medical treatment and did not receive it.

Plaintiff was transferred into the MDOC's custody. He has not received treatment for the injuries that he sustained during his arrest.[1]

## Discussion

### I. Plaintiff's Motion for Default-Summary Judgment

On December 28, 2018, plaintiff filed a "MOTION FOR DEFAULT-SUMMARY JUDGMENT." (ECF. No. 37). Plaintiff argues that he is entitled to summary judgment because defendants "did not follow" the Court's

---

[1] The MDOC is not a named defendant. On March 14, 2018, the Court dismissed all plaintiff's claims against the MDOC because they were barred by Eleventh Amendment immunity. (ECF No. 16, PageID.67).

-4-

September 12, 2018, order granting defendant Kent County's motion for an extension of the deadline for filing dispositive motions.

No defendant violated the Court's Order, which states as follows: "the dispositive motion deadline is extended from September 14, 2018, to 90 days following this Court's *decision* on Defendant's pending Motion for more definite statement." (9/12/18 Order, ECF No. 31, PageID.138) (emphasis added).

On January 9, 2019, the Court entered its decision granting Kent County's motion for a more definite statement. (1/9/19 Mem. Op. & Order, ECF No. 38). Plaintiff's December 2018 motion was premature. Further, even if the motion had been timely, plaintiff would not be entitled to entry of judgment in his favor based on a defendant's failure to file a dispositive motion. Accordingly, I recommend that plaintiff's motion for a default-summary judgment be denied.

## II. Kent County's Rule 12(b)(6) Motion to Dismiss

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than

labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, the [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (Plaintiff "must meet the requirements of *Twombly* and *Iqbal* for each of his claims in order to survive a Rule 12(b)(6) motion to dismiss.").

"A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if []

he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## B. Municipal Liability

Defendant Kent County seeks dismissal of plaintiff's claims under Rule 12(b)(6) on the ground that plaintiff's second amended complaint fails to allege facts sufficient to state a claim against it under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), and its progeny. (Defendant's Brief, 2-3, ECF No. 41, PageID.204-06). Plaintiff did not file a response to the motion to dismiss.

Plaintiff has notice that in order to establish liability against a municipal defendant, he must "allege facts identifying the policies or customs, connect them to the municipal defendant, and describe how he suffered injury caused by those policies or customs." (1/9/19 Mem. Op. & Order, 4, ECF No. 38, PageID.182) (citing *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d at 403). Plaintiff's second amended complaint fails to allege facts satisfying any of these foundational requirements. Accordingly, I recommend that defendant's Rule 12(b)(6) motion to dismiss be granted.

## III. Claims Against All Other Named Defendants

The Kent County Sheriff's Department, unknown reception deputy sheriff, unknown nurse, and unknown health care provider are named as defendants in plaintiff's second amended complaint. (ECF No. 40, PageID.190). Plaintiff alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID.192).

Under the provisions of the Prison Litigation Reform Act, the Court is required to dismiss plaintiff's claims against defendant if it determines that the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; *see Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("These statutes require[ ] a district court to screen and dismiss complaints that are frivolous, are malicious, or fail to state a claim upon which relief may be granted.").

### A.     First Amendment

Plaintiff's operative pleading does not contain any factual allegations regarding his religion or protected speech. He does not allege facts "plausibly suggesting his First Amendment rights to free speech and to exercise his religion were impaired in any way." *Klayman v. Loeb*, No. 1:15-cv-1683, 2016 WL 29228, at *3 (N.D. Ohio Jan. 4, 2016). I find that plaintiff's second amended complaint fails to state a First Amendment claim against any defendant.

### B.     Kent County Sheriff's Department

"The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county." *Goldman v. Kalamazoo Cty. Sheriff's Office*, No. 1:16-cv-52, 2016 WL 691987, at *7 (W.D. Mich. Feb. 22, 2016) (collecting cases); *see Tullos v. Balk*, No. 1:18-cv-883, 2018 WL 5306906, at*2 (W.D. Mich. Oct. 26, 2018) (The sheriff's department "is not a proper party defendant" because it "does not exist as a separate legal entity[.]"). Plaintiff's second amended complaint fails to state a claim against Kent County for the reasons stated in Section II(B).

C.  <u>Unknown Nurse</u>

Plaintiff alleges that when he arrived at the jail, he asked defendant unknown nurse for treatment and received a response indicating that he should be seen by a doctor within 48 hours. (ECF No. 40, PageID.191). Plaintiff's skeletal factual allegations are insufficient to state a claim for deliberate indifference to his serious medical needs against this defendant.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.[2] *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to

---

[2] The Eighth Amendment is the source of plaintiff's constitutional protection after conviction. *See Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018). He received the same protections as a pretrial detainee through the Fourteenth Amendment's Due Process Clause. *Id.; see Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016).

constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" Id. at 837.

Plaintiff does not allege facts regarding the outward appearance of his injuries and the nurse's response indicates that he or she anticipated that plaintiff would be seen by a doctor within 48 hours. I find that plaintiff has not alleged facts sufficient to support a claim on the subjective component of a deliberate indifference claim against defendant unknown nurse.

D.     Unknown Reception Deputy Sheriff and Unknown Health Care Provider

Plaintiff's second amended complaint does not contain any factual allegations regarding defendants unknown reception deputy sheriff and unknown health care provider. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Jakubowski v. Michigan Dep't of Corr.*, No. 1:18-cv-391, 2018 WL 1959494, at *3 (W.D. Mich. Apr. 26, 2018) (collecting cases).

-

### IV. Plaintiff's Motion to "Continue" and "Include" Claims

On February 11, 2019, plaintiff filed a motion asking the Court to "continue" to include the Kent County Board of Supervisors as a defendant and to "include" the Kent County Sheriff's Department and the Grand Rapids Police Department as defendants. I recommend that plaintiff's motion be denied.

Plaintiff's second amended complaint superseded his amended complaint and rendered it a nullity. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). The Court expressly advised plaintiff that an amended pleading supersedes an earlier pleading. (3/14/18 Order, 2, ECF No. 16, PageID.68) ("The amended complaint will take the place of the original complaint, so it must include Defendant Kent County as well as all of the individual Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise."). Plaintiff's second amended complaint is devoid of any factual allegations against Kent County Board of Supervisors, Kent County Board of Commissioners, or any individual supervisor or commissioner. Plaintiff's operative pleading does not contain any claim that the Court can "continue" against a county board or individual board members.

Plaintiff asks the Court to "include" the Kent County Sheriff's Department and the Grand Rapids Police Department as defendants. The Kent County Sheriff's Department is a named defendant. Plaintiff's second amended complaint fails to state a claim against it for the reasons stated in Sections II(B) and III(B).

Plaintiff's request to "include" the Grand Rapids Police Department is construed as a motion for leave to file a third amended complaint. Plaintiff's motion

-11-

should be denied because he did not attempt to obtain concurrence before he filed his motion. *See* W.D. MICH. LCIVR 7.1(d). In addition, the motion should be denied because it is not accompanied by a proposed third amended complaint.[3] *See Buhland v. Federal Cartridge Co.*, No. 1:12-cv-244, 2013 WL 12085097, at *7 (W.D. Mich. May 9, 2013); s*ee also Ohio ex rel. Marcum v. Duchak*, No. 3:17-cv-437, 2018 WL 1035208, at *9 (S.D. Ohio Feb. 23, 2018) ("[A] motion to amend must be accompanied by a proposed amended complaint.").

## Recommended Disposition

For the foregoing reasons, I recommend that the Court deny plaintiff's motion for default-summary judgment (ECF No. 37) and his motion to "continue" and "include" claims (ECF No. 42). I further recommend that the Court grant defendant Kent County's Rule 12(b)(6) motion to dismiss (ECF No. 41). I further recommend that the Court dismiss plaintiff's claims against all other named defendants pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted, and that the Court enter a judgment dismissing all plaintiff's claims.

Dated:   June 14, 2019              /s/  Phillip J. Green
                                                          PHILLIP J. GREEN
                                                         United States Magistrate Judge

---

[3] "It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action." *Maggit v. Grand Rapids Police Dep't*, No. 1:18-cv-1293, 2019 WL 211065, at *3 (W.D. Mich. Jan. 16, 2019) (collecting cases). Plaintiff faces a significant statute of limitations hurdle if he attempts to add the City of Grand Rapids as a defendant. On September 6, 2014, plaintiff committed the crime forming the basis of his incarceration. He pleaded guilty to the charge of assault with intent to commit murder and he was sentenced on November 4, 2014. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=247823   (last visited Apr. 1, 2019).

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).