UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO ROSARIO,

    Plaintiff,

v.

CASE NO. 1:17-CV-825

HON. ROBERT J. JONKER

KENT COUNTY, et al.,

    Defendants.

_____ /

## ORDER ADOTPING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 50), Plaintiff's Objection (ECF No. 51), and Defendant's Response (ECF No. 53). Under the Federal Rules of Civil Procedure where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends denying Plaintiff's Motion for Default-Summary Judgment (ECF No 37); granting Defendant Kent County's Rule 12(b)(6) motion to dismiss (ECF No. 41); denying Plaintiff's motion "to continue to include" certain defendants and claims (ECF No. 42); and dismissing the remaining claims in the Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A. Accordingly, the Magistrate recommends the Court enter a Judgment dismissing all of Plaintiff's claims. (ECF No. 50). After performing a de novo review, the Court agrees with the Magistrate Judge that Plaintiff's motions for "default-summary judgment" and "to continue to include" certain defendants are meritless. Certain other claims also do not pass muster under Section 1915 screening. But the Court respectfully disagrees with the Magistrate Judge that the deliberate indifference claim against Defendant Kent County should be dismissed. At a fundamental level, this case is about Plaintiff's allegations that injuries to his hand and shoulder went untreated for months, despite repeated his requests for medical assistance, while he was in the custody of Kent County. These claims survived initial screening, and the Court determines they should continue here as well.

1. *Plaintiff's Motion for Default-Summary Judgment*

The Magistrate Judge first recommends denying Plaintiff's motion for default summary judgment. Plaintiff's motion suggests that default, or summary judgment, in his favor is warranted based on Plaintiff's belief that the Defendants failed to comply with the Magistrate Judge's September 12, 2018 Order granting Defendant Kent County additional time to file dispositive motions. (ECF No. 31). The Magistrate Judge correctly determined Defendant Kent County did not violate the September 12th Order. Moreover, the Magistrate Judge properly pointed out that a failure to timely file a dispositive motion is not a basis for entering Judgment in Plaintiff's favor. Nothing within Plaintiff's objections persuades the Court that a different result must issue.

2

Accordingly, the Court accepts the Magistrate Judge's recommendation, on de novo review, that this motion should be denied.

> 2. *Plaintiff's Motion to Continue to Include Kent County Board of Supervisors as Defendants and Include Kent County Sheriff's Department & Grand Rapids Police Department.*

The Magistrate Judge next recommends denying Plaintiff's second motion, which relates to the Kent County Board of Commissioners [sic]; the Kent County Sheriff's Department; and the Grand Rapids Police Department. In his motion, Plaintiff seeks to "continue" his claims against these entities.

The Court agrees with the Magistrate Judge that Plaintiff's motion is meritless with respect to the "Kent County Board of Supervisors."[1] The Second Amended Complaint is the operative pleading and that Complaint does not name the board as a defendant, nor does it contain any factual allegations against that body. In fact, the First Amended Complaint also failed to allege factual conduct against the Kent County Board of Supervisors, or the Board of Commissioners, and so the Magistrate Judge properly granted the defense motion for a more definite statement. (ECF No. 38). Plaintiff did not cure those deficiencies in his Second Amended Complaint, and his objections merely assert, in a conclusory fashion, that he has alleged sufficient factual conduct against the Kent County Board of Commissioners. That does not persuade the Court, on de novo review, that the Magistrate Judge's recommendation was incorrect.

The Court also agrees with the Magistrate Judge that Plaintiff's claim in the Second Amended Complaint against the Kent County Sheriff's Department fails to state a claim and that it should be dismissed as a party. The Magistrate Judge was entirely correct that the Sheriff's

---

[1] As the Magistrate Judge alludes to, presumably Plaintiff intended to name the Kent County Board of Commissioners.

Department is not subject to suit under Section 1983. *See Vine v. Cty. of Ingham*, 884 F. Supp.1153, 1158 (W.D. Mich. 1995) (dismissing the Sheriff's Department as a party because it could not be sued). Plaintiff's request to "continue" his claim against the Sheriff's Department, therefore, is without merit.

Finally, there is nothing to "continue" against the Grand Rapids Police Department because the department is not now nor has it ever been a named defendant in this case. Accordingly, the Magistrate Judge properly recommended dismissing Plaintiff's motion to continue a claim against the department. Moreover, any amendment to name the Grand Rapids Police Department would be futile. It is well settled that municipal police departments are not entities subject to suit, because they are merely departments of city government. *See, e.g., Frodge v. City of Newport,* No. 11-5458, 2012 WL 4773558, at * 5 n. 3 (6th Cir. Oct.5, 2012); *Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6th Cir. 2007).

For all these reasons the Court agrees with the Magistrate Judge, on de novo review, that Plaintiff's motion to continue is without merit. (ECF No. 42).

*3. The Magistrate Judge's Screening Recommendation and Kent County's Motion to Dismiss.*

The Magistrate Judge next recommends granting Defendant Kent County's motion to dismiss for failure to state a claim. In a related vein the Magistrate Judge recommends dismissing the remainder of the Second Amendment Complaint, namely the claims raised against Defendant Unknown Reception Deputy Sheriff; Unknown Nurse, and Unknown Health Care Provider, because there are insufficient factual allegations raised against them. After performing a de novo review, the Court concludes that Defendant Unknown Deputy Sheriff and Health Care Provider, along with the First Amendment claim in Plaintiff's Second Amended Complaint are subject to dismissal. Plaintiff also fails to state a claim with respect to Defendant Unknown Nurse. As for

4

the remaining deliberate indifference claim raised against Defendant Kent County, however, the Court concludes that while Plaintiff has certainly not woven a high thread-count fabric of factual allegations, the Second Amended Complaint is not so threadbare that it warrants dismissal under principles of *Twombly* and *Iqbal*.

### A. Defendants Unknown Reception Deputy Sheriff and Health Care Provider

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a party is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Plaintiff fails to even mention Defendants Unknown Reception Deputy Sheriff and Unknown Health Care Provider in the body of his Second Amended Complaint. His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court agrees with the Magistrate Judge, after de novo review, that Plaintiff fails to state a claim against these defendants.

5

### B. First Amendment Claim

The Second Amended Complaint alleges that the Defendants violated Plaintiff's First, Eighth and Fourteenth Amendment rights. The Magistrate Judge recommends dismissing Plaintiff's First Amendment claims because the Second Amended Complaint does not contain any factual content against any defendant that would lead to a *Twombly* plausible claim for a First Amendment violation. The Court agrees. Plaintiff does not, for example, contend that the denial of his medical care was in retaliation for his protected speech, nor does he allege any other facts that assert his First Amendment rights were infringed in any way. The Court agrees with the Magistrate Judge on de novo review, therefore, for the very reasons delineated by the Magistrate Judge.

### C. Defendant Unknown Nurse

The Magistrate Judge also recommends dismissing Defendant Unknown Nurse for failure to state a claim. After de novo review, the Court finds the Magistrate Judge's analysis on this point to be factually sound and legally correct.

The Magistrate Judge correctly set out the applicable law: In order to state a claim for deliberate indifference to a prisoner's serious medical needs, a Plaintiff must establish that that deprivation was sufficiently serious to rise to constitutional levels (the objective component) and that the state official acted with a sufficiently culpable state of mind (the subjective component). *See Wilson v. Seiter*, 501 U.S. 294 (1991).

The Second Amended Complaint fails to allege that Defendant Unknown Nurse was both aware of Plaintiff's serious medical need for treatment and deliberately failed to provide that treatment. *See Estelle v. Gamble,* 429 U.S. 102, 103–04 (1976) (to state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs); *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (the deliberate-indifference standard has both an objective and a subjective component). To the contrary, Plaintiff's complaint states that the Defendant Unknown Nurse assured Plaintiff he would receive medical attention. Plaintiff's allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Nothing in Plaintiff's objections persuades the Court that a different result should issue. Indeed he only asserts in a conclusory manner that he is alleging deliberate indifference under *Estelle* without dealing in a meaningful way with the Magistrate Judge's analysis. The Court concludes, on de novo review, that Plaintiff fails to state a claim against Defendant Unknown Nurse.

### D. Defendant Kent County

The remaining claim is Plaintiff's deliberate indifference claim against Defendant Kent County. The Magistrate Judge correctly sets out the relevant legal standard with respect to *Monell* liability. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the

governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. In its motion to dismiss under Rule 12(b)(6), the County asserts that Plaintiff has not pleaded sufficient facts to show that the alleged deliberate indifference to his serious medical needs was caused by a policy or custom of Kent County and then identify and connect that policy or custom to the County. This argument is not well taken.

In *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993), the Supreme Court held that the federal courts may not apply a "heightened pleading standard" in civil rights cases alleging municipal liability under *Monell*. The plaintiff in *Leatherman* alleged a violation of his Fourth Amendment rights from the allegedly unconstitutional searches by police officers employed by the defendant municipality. In reversing the lower courts' decision that had imposed a "heightened pleading standard," the Supreme Court held that the plaintiff was not required to allege detailed facts in support of the general allegation that the individual defendant's conduct was the result of official policy, custom or practice. To be sure, the subsequent decisions from the Supreme Court, namely, *Twombly* and *Iqbal*, direct that a Plaintiff's allegations raise a "plausible" claim of *Monell* liability. But, for purposes of Rule 12, no more than that is necessary.

For this reason, the Court concludes that the Second Amended Complaint is sufficient to establish a *Twombly* plausible claim of *Monell* liability. Plaintiff alleges that he requested medical attention at the Kent County Jail for a period of three months, but he was never provided care. The grievances he filed complaining of the lack of care, furthermore, were not processed. Ultimately it was discovered that his hand was broken and that the only way to fix it was to break it again. These factual allegations, accepted as true, are sufficient to meet Plaintiff's, relatively mild burden

8

of alleging a plausible claim of a county custom or policy. Rather than dismissal, further inquiry into this question must await discovery and summary judgment, or trial.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 50) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default-Summary Judgment (ECF No. 37) and Motion to Continue (ECF No. 42) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Kent County's Motion to Dismiss (ECF No. 41) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment Claim and Defendants Kent County Sheriff Department; Unknown Reception Deputy Sheriff; Unknown Nurse; and Unknown Health Care Provider are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2), 1915A. This case will proceed on Plaintiff's deliberate indifference claim against Defendant Kent County.

**IT IS FURTHER ORDERED**

Dated:   July 23, 2019         /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               CHIEF UNITED STATES DISTRICT JUDGE