UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R‌ICARDO R‌OSARIO #247823,

      Plaintiff,                                Hon. Robert J. Jonker

v.                                                      Case No. 1:17-CV-825

K‌ENT C‌OUNTY, et al.,

      Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Kent County's Motion for Summary Judgment. (ECF No. 72). Plaintiff alleges that during an arrest he suffered hand and shoulder injuries for which he did not receive appropriate medical treatment. (ECF No. 40). Plaintiff sought relief from various individuals and entities. The only claim remaining at this juncture, however, is Plaintiff's deliberate indifference claim against Kent County. (ECF No. 54). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action be terminated.

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.

In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

A.   Municipal Liability Standard

Invoking 42 U.S.C. § 1983, Plaintiff seeks to hold Kent County liable for violating his Eighth Amendment rights. Specifically, Plaintiff contends that the failure to provide him appropriate medical treatment was the result of a Kent County custom or policy. Section 1983 is the means by which "persons" who violate the constitutional rights of others can be held accountable. *See* 42 U.S.C. § 1983. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, Kent County cannot be held liable under Section 1983 solely because it employs a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Kent County, Plaintiff must establish that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

B.   Eighth Amendment Standard

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If, however, the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid*.

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

### C. Analysis of Plaintiff's Claim

The evidence submitted by Defendant reveals the following. Plaintiff was processed into the Kent County Jail on September 6, 2014. (ECF No. 72, PageID.356). As part of the intake process, Plaintiff's vital signs were measured. (ECF No. 72, PageID.359). Plaintiff was also asked a series of questions regarding his health history and present health status. (ECF No. 72, PageID.357-64, 378-82). Plaintiff reported that he experienced bipolar disorder and schizophrenia. (ECF No. 72, PageID.357, 378). With respect to his right hand, Plaintiff reported that he injured it in a fight "last

5

month," but sought no medical treatment. (ECF No. 72, PageID.357-58, 378-79). Plaintiff reported no other medical issues or concerns, and he indicated that he was not presently taking any medications. (ECF No. 72, PageID.357-64, 367, 378-82).

Two days later Plaintiff reiterated that he injured his right hand in a fight "about 1 month ago," but that the pain and swelling were "improved." (ECF No. 72, PageID.376). An examination of Plaintiff's right hand revealed diminished range of motion in Plaintiff's fourth and fifth digits. (*Id.*). The following day, an order was submitted to x-ray Plaintiff's right hand. (ECF No. 72, PageID.385).

X-rays of Plaintiff's right hand, taken September 17, 2014, revealed "subacute healing fractures of the fourth and fifth metacarpal neck regions" with "no dislocation." (ECF No. 72, PageID.398). Treatment notes dated September 21, 2014, indicate that Plaintiff's right hand was being treated with bandages and finger splints. (ECF No. 72, PageID.385). X-rays of Plaintiff's right hand, taken November 19. 2014, revealed "old fractures at the fourth and fifth metacarpal necks" but "no new fracture" and "no dislocation." (ECF No. 72, PageID.388). The following day, Plaintiff was released from the Kent County Jail and transferred to the custody of the Michigan Department of Corrections (MDOC). (ECF No. 72, PageID.356).

In response to Defendant's motion, Plaintiff has submitted various items: (1) copies of the evidence submitted by Defendant (ECF No. 76, PageID.472-550); (2) an article from the March 2014 issue of Prison Legal News concerning "Problems with Privatized Correctional Healthcare" (ECF No. 76, PageID.551-66); (3) copies of "Health Care Requests" Plaintiff submitted to MDOC officials in 2017-2019, several *years* after

his release from the Kent County Jail (ECF No. 76, PageID.569-83); and (4) a brief affidavit in which Plaintiff asserts that officials with the Kent County Jail failed to properly treat his medical conditions (ECF No. 76, PageID.584-85).

The first three items submitted by Plaintiff do not advance his cause. As for Plaintiff's affidavit, the Court reaches the same conclusion. Plaintiff's affidavit consists primarily of legal conclusions rather than specific factual allegations. Moreover, to the extent Plaintiff's affidavit contains factual assertions such fall well short of establishing that Plaintiff's Eighth Amendment rights were violated. Specifically, Plaintiff alleges in vague and conclusory terms that jail officials failed to properly treat his hand, shoulder, and back. But Plaintiff has presented no evidence that any shoulder or back impairments he may have been experiencing constituted a "serious medical need" implicating his Eighth Amendment rights.

As for Plaintiff's hand impairments, the evidence discussed above establishes that Plaintiff received treatment for such. While Plaintiff may disagree with the treatment he received or consider such to constitute negligence or malpractice, such does not implicate the Eighth Amendment. *See, e.g., Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

7

In sum, the evidence submitted by the parties, interpreted in a light most favorable to Plaintiff, compels the conclusion that Defendant Kent County is entitled to summary judgment.  First, the evidence fails to establish that Plaintiff suffered a violation of his Eighth Amendment rights.  Furthermore, even if the Court assumes that Plaintiff could establish that he suffered a violation of his Eighth Amendment rights, Plaintiff has presented no evidence from which a reasonable juror could conclude that any such violation was caused by or resulted from any "official municipal policy" of Kent County.  Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 72) be granted and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 36(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 8, 2020                                        /s/ Phillip J. Green
                                                                    PHILLIP J. GREEN
                                                                    United States Magistrate Judge