UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO ROSARIO,

       Plaintiff,

v.

KENT COUNTY, et al.,

       Defendants.

                                       /

CASE NO. 1:17-CV-825

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 79) and Defendant's Objection to it. (ECF No. 80). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objection. The Magistrate Judge recommends that defense motion for summary judgment (ECF No. 72) be granted because Plaintiff

cannot show a genuine issue of fact regarding whether any alleged failure to provide appropriate medical treatment was the result of a Kent County custom or policy. Without this showing, the Magistrate Judge reasons, Kent County cannot be held liable. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

Defendant raises a number of conclusory objections that have no basis in fact or law. He complains, for example, that the Magistrate Judge failed to discuss his responses to the motion for summary judgment. But the Magistrate Judge plainly did so. (ECF No. 79, PageID.602-603). Plaintiff also contends that the Magistrate Judge is biased towards him. The Court finds this objection is without merit. Plaintiff points to no events, extrinsic or intrinsic to Magistrate Judge Green's review, amounting to evidence of actual bias on the part of the Magistrate Judge, and the Court is not aware of even a single case finding bias under similar facts. Indeed "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Rather "[t]o show improper prejudice, a judge's comments must 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). Plaintiff has not come close to making this showing. To the contrary, the record clearly shows the Magistrate Judge acted impartially, and well within the bound of proper judicial conduct.

The gist of the remaining arguments in Plaintiff's objection is that there is a factual dispute that the Magistrate Judge improperly resolved in the defendant's favor. The Court disagrees. Indeed, the Magistrate Judge carefully reviewed the record and arguments advanced by Plaintiff and correctly reasoned that, viewed in the light most favorable to Plaintiff, Kent County was entitled to summary judgment. The Court agrees, on de novo review, that Kent County is entitled to summary judgment in its favor for the very reasons detailed by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (ECF No. 79) is **APPROVED and ADOPTED** as the Opinion of this Court.

2. Defendant's motion for summary judgment (ECF No. 72) is **GRANTED.**

3. This case is **DISMISSED.**

Dated:   May 29, 2020                    /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE